COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Donna Holcomb[1] v. Chris Di Ferrante and Galveston Bleak House Realty, Inc. |
| Appellate case number: | 01-12-00679-CV |
| Trial court case number: | CV0066527 |
| Trial court: | County Court at Law No 3 of Galveston County |

Appellant Donna Holcomb has filed a "Motion to Review Trial Court's Decision Sustaining Contest Pursuant to [Texas Rule of Appellate Procedure] 20.1(J)(1) Outside the Time Allotted for a Hearing and Without Conducting a Hearing." Appellee has filed a response, asserting that the Court lacks jurisdiction over the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed its final judgment on April 11, 2012. A motion for new trial was due by May 11, 2012. *See id.* The parties dispute whether a motion for new trial was timely filed.

Appellant asserts that her motion for new trial was timely under Rule of Appellate Procedure 9.2. *See* TEX. R. APP. P. 9.2(b) ("the mailbox rule"). Under Rule 9.2(b), a document received within 10 days after the filing deadline is considered timely if it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail, and it was deposited in the mail on or before the last day for filing. *See id.* A legible postmark affixed by the United States Postal Service is conclusive proof of the date of mailing. *See id.* The clerk's record contains a motion for new trial and an envelope addressed to the Galveston County Clerk, clearly bearing a United States Postal Service postmark of May 11, 2012, and reflecting that the envelope was mailed first-class. *See id.* The Galveston County Clerk file-stamped the envelope

---

[1] This Court's records do not reflect that Curtis Holcomb filed a notice of appeal.

on May 15, 2012, which reflects that it was received within 10 days after the filing deadline. *See id.* We conclude that appellant's motion for new trial was timely filed.

Because appellant's motion for new trial was timely filed, her notice of appeal was due by July 10, 2012. *See* TEX. R. APP. P. 26.1(a). Appellant filed her notice of appeal on July 13, 2012. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Therefore, the Court concludes that it has jurisdiction over the appeal.

On July 13, 2012, appellant Donna Holcomb filed an affidavit of indigence in the trial court and contests were timely filed. *See* TEX. R. APP. P. 20.1(e). Within 10 days after a contest was filed, the trial court was required either to conduct a hearing or to sign an order extending the time (no more than 20 days) to conduct the hearing, and to sign an order within the time prescribed for the hearing. *See* TEX. R. APP. P. 20.1(i)(2)-(4). The clerk's record does not reflect that the trial court timely conducted a hearing, signed an order extending the time to conduct the hearing, or ruled on the contest within the period prescribed. *See id.* Therefore, the allegations in the affidavits are deemed true, and appellant is entitled to proceed on appeal without advance payment of costs. TEX. R. APP. P. 20.1(i)(4).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant Donna Holcomb is indigent and is allowed to proceed on appeal without advance payment of costs.

The clerk's record has been filed.

It is **ORDERED** that the court reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record in the appeal, or file an information sheet certifying that none exists. *See* TEX. R. APP. P. 20.1(k).

Judge's signature: /s/ Jane Bland
         ☑ Acting individually     ☐ Acting for the Court

Date: November 13, 2012